UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PAMELIA JACKSON,

    Plaintiff,

                               CASE NO:

vs.

CITY OF MADISON,
a municipal corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Pamelia Jackson, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the City of Madison, Alabama for injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. " 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.  This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2.    Venue is proper in this Court, the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United

States District Court for the Northern District of Alabama.

3. Plaintiff, Pamelia Jackson (hereinafter referred to as "Jackson") is a resident of Madison, Alabama and is a qualified individual with a disability under the ADA. Jackson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations, to the extent that she suffers from idiopathic small fiber sensory neuropathy (SFSN). As a result of SFSN, Jackson spends much of her day in bed, suffers from chronic pain, depression and fatigue. Jackson's mobility varies on a daily basis such that she can, on occasion, ambulate normally, but typically requires a cane, occasionally requires a wheelchair, often cannot sit for extended periods, and occasionally is unable to leave her bed at all.

4. The Defendant, The City of Madison (hereinafter referred to as "Defendant") is a municipal corporation conducting business in the State of Alabama.

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## STATEMENT OF FACTS

6. Jackson's disability prevents her from attending most city council meetings as well as city committee meetings in person that she desires to attend.

7. Plaintiff would like to attend in real time and participate at the meetings of the Madison City Council, Madison Beautification and Tree Board, Madison City Disability Advocacy Board, and the Madison Planning Commission Board.

8. Historically, the Defendant's city council meetings and committee meetings have allowed a time for public comments, but have limited the ability to make such comments to those who attend city council meetings and committee meetings in person.

9. In early 2020, the COVID-19 pandemic caused a need for such meetings to be held virtually on occasion and allowed city council and committee members, as well as members of the public, to attend virtually via Zoom conference, or other similar technology.

10. The use of Zoom and other virtual meeting platforms made it possible for Defendant to hear comments from members of the public who attended such meetings virtually.

11. Despite the ability to hear such comments from members of the public attending city council and committee meetings virtually, Defendant summarily refused to do so, despite Plaintiff's repeated requests, until the city council meeting held on December 28, 2020.

12. Defendant allowed the public to comment remotely in real time, beginning with the city council meeting on December 28, 2020, and ending with the city council meeting held on June 28, 2021, which was the last meeting during which Defendant allowed the public to attend meetings and participate remotely in real time. During this time frame, there was at least one meeting where remote public comments were not allowed, perhaps due to a technical issue, on February 8, 2021.

13. When it became clear that Defendant would no longer allow remote attendance and participation of the public at city council meetings and planning committee board meetings, Plaintiff made a formal request to reconsider that policy on August 2, 2021, which was denied by Defendant by letter of August 20, 2021.

14. Defendant's current policy is to allow the public to write the council or committee, through their representative, to ask that prepared comments be read at future city council or committee meetings, which the representative has the discretion to read or not.  Otherwise, if a member of the public desires to participate in a city council or committee meeting, that individual is required to attend such meeting in person.

15. The result of this policy is that members of the public who attend Defendant's city council and committee meetings in person are afforded the ability

to make comments in response to information provided during the city council or committee meeting, while members of the public who have disabilities that prevent in-person attendance, but who are nonetheless attending, albeit virtually via Zoom, or otherwise, are not afforded the opportunity to be recognized to make such comments.

16. Other Alabama municipalities, such as Vestavia Hills, Montevallo, Birmingham and Tuscaloosa allow the public to attend and participate remotely, and Defendant, by allowing such attendance and participation for the first half of 2021, has established that Defendant has the ability to do so without undue administrative or financial burden, but is instead choosing to exclude people with disabilities on the basis of an ableist policy that requires in-person attendance for participation, in direct violation of the Americans with Disabilities Act.

**COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

17. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-16 as if expressly contained herein.

18. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

19. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation

in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

20. "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

21. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

22. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

23. Defendant's refusal to allow members of the public to attend Defendant's city council meetings and committee meetings virtually and be recognized for purposes of making public comments to the council or committee in the same manner as members of the pubic who attend such meetings in person has the effect of excluding Plaintiff, and others similarly situated, from participating in such meetings on the basis of disability.

24. Defendant's said refusal is both arbitrary and intentional.

25. Defendant's arbitrary and intentional refusal to recognize Plaintiff, or others similarly situated, while attending Defendant's city council and committee meetings virtually, for purposes of making public comments during that portion of city council and committee meetings reserved for that purpose, has denied and continues to deny Plaintiff, and others similarly situated, equal access to Defendant's city council and committee meetings on the basis of disability.

26. Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff, solely on the basis of her disability, has been, and continues to be, deliberate, arbitrary, knowing and intentional.

27. Under Title II of the ADA, the programs, services and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied

by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

28. Plaintiff was subjected to discrimination when she attended past city council and committee meetings of Defendant virtually and sought to make public comments that were not recognized and thereby suffered and injury in fact.

29. Plaintiff continues to desire to attend future city council and committee meetings of Defendant and will continue to suffer discrimination by Defendant in the future due to Defendant's deliberate indifference to Plaintiff's requests and ongoing refusal to allow public comment of virtual city council and committee meeting attendees.

30. Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*

31. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

32. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

33. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that Defendant's city council meetings and committee meetings that do not allow for participation of remote attendees are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its city council and committee meetings to allow public comment of virtual attendees to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 4th day of October, 2021

Respectfully submitted,


By:  *s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E




**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email:        edwardzwilling@zwillinglaw.com